IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADAPTIX, INC., | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 6:13-CV-436 |
| | § | |
| BLACKBERRY LIMITED, BLACKBERRY | § | |
| CORPORATION and CELLCO | § | |
| PARTNERSHIP *d/b/a* VERIZON WIRELESS, | § | |
| | § | |
| *Defendants.* | § | JURY TRIAL DEMANDED |
| | § | |
| | § | |
| | § | |

## DEFENDANTS BLACKBERRY LIMITED AND BLACKBERRY CORPORATION'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendants BlackBerry Limited and BlackBerry Corporation (collectively, "BlackBerry") hereby file their Answer and Counterclaims to Plaintiff Adaptix, Inc.'s ("Adaptix") Complaint ("Complaint") filed by Adaptix on May 28, 2013. Each of the paragraphs below corresponds to the same-numbered paragraphs in the Complaint. BlackBerry denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. BlackBerry further denies that Adaptix is entitled to the requested relief or any other relief.

## THE PARTIES

1.      BlackBerry lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint, and therefore denies the same.

2.      BlackBerry admits that the former name of BlackBerry Limited was Research In Motion Limited. BlackBerry admits that BlackBerry Limited is a corporation registered and

lawfully existing under the laws of Canada. BlackBerry denies the remaining allegations of Paragraph 2 of the Complaint.

3.      BlackBerry admits that the former name of BlackBerry Corporation was Research In Motion Corporation. BlackBerry admits that BlackBerry Corporation is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 5000 Riverside Drive, Irving, Texas 75039. BlackBerry admits that BlackBerry Corporation's registered agent for service of process in Delaware is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4.      BlackBerry denies the allegations of Paragraph 4 of the Complaint.

5.      BlackBerry lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint, and therefore denies the same.

6.      BlackBerry admits that the Complaint purports to refer to BlackBerry and Verizon collectively as Defendants.

## JURISDICTION AND VENUE

7.      BlackBerry admits that the Complaint purports to state a claim for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code, but denies that the claim has any merit. BlackBerry admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). To the extent Paragraph 7 of the Complaint pertains to a defendant other than BlackBerry, BlackBerry lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies the same.

8.      BlackBerry admits that Adaptix purports to base venue under 28 U.S.C. §§ 1391(b-c) and 1400(b), but denies that this district is the most convenient venue for adjudication of the claims raised by Adaptix in this action. BlackBerry admits that it conducts business in

this judicial district, but denies that a patent infringement cause of action has arisen as a result of its activities and specifically denies that such acts have constituted patent infringement in this district or elsewhere.  Except as so admitted, BlackBerry denies the allegations of Paragraph 8 of the Complaint.  To the extent Paragraph 8 of the Complaint pertains to a defendant other than BlackBerry, BlackBerry lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies the same.

9.     BlackBerry admits that this Court has personal jurisdiction over BlackBerry. Except as so admitted, BlackBerry denies the allegations of Paragraph 9 of the Complaint.  To the extent Paragraph 9 of the Complaint pertains to a defendant other than BlackBerry, BlackBerry lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies the same.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 7,454,212)

10.     BlackBerry repeats and realleges its responses to Paragraphs 1-9 of the Complaint as if those allegations have been fully set forth herein.

11.     BlackBerry admits that the Complaint purports to be an action for patent infringement.  BlackBerry denies each and every infringement allegation directed at BlackBerry and denies all other allegations of Paragraph 11 of the Complaint.

12.     BlackBerry admits that the document attached to the Complaint as Exhibit A purports to be United States Patent No. 7,454,212 ("the '212 Patent") and that on its face the document is titled "OFDMA WITH ADAPTIVE SUBCARRIER-CLUSTER CONFIGURATION AND SELECTIVE LOADING."  BlackBerry lacks knowledge or information sufficient to admit or deny all other allegations of Paragraph 12 of the Complaint, and therefore denies the same.

13.     BlackBerry denies the allegations in Paragraph 13 of the Complaint.

14.     BlackBerry denies the allegations in Paragraph 14 of the Complaint to the extent they are directed to BlackBerry.  To the extent that the allegations in Paragraph 14 of the Complaint are directed to a defendant other than BlackBerry, BlackBerry lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

(Direct Infringement)

15.     BlackBerry denies the allegations in Paragraph 15 of the Complaint.

16.     BlackBerry lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint, and therefore denies the same.

17.     BlackBerry denies the allegations in Paragraph 17 of the Complaint to the extent they are directed to BlackBerry. To the extent that the allegations in Paragraph 17 of the Complaint are directed to a defendant other than BlackBerry, BlackBerry lacks knowledge or information insufficient to admit or deny these allegations, and therefore denies the same.

(Indirect Infringement - Inducement)

18.     BlackBerry denies the allegations in Paragraph 18 of the Complaint.

19.     BlackBerry lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint, and therefore denies the same.

20.     BlackBerry admits that it received a purported copy of the '212 Patent when it was served with the Complaint.  Except as so admitted, BlackBerry denies the allegations of Paragraph 20 of the Complaint.  To the extent Paragraph 20 of the Complaint pertains to a defendant other than BlackBerry, BlackBerry lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies the same.

21.     BlackBerry denies the allegations in Paragraph 21 of the Complaint to the extent they are directed to BlackBerry.  To the extent that the allegations in Paragraph 21 of the Complaint are directed to a defendant other than BlackBerry, BlackBerry lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

22.     BlackBerry denies the allegations in Paragraph 22 of the Complaint to the extent they are directed to BlackBerry.  To the extent that the allegations in Paragraph 22 of the Complaint are directed to a defendant other than BlackBerry, BlackBerry lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

23.     BlackBerry denies that as of the filing of the Complaint it was obligated to provide Adaptix with any evidence.  BlackBerry denies that Adaptix will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.  To the extent that the allegations in Paragraph 23 of the Complaint are directed to a defendant other than BlackBerry, BlackBerry lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

(Indirect Infringement - Contributory)

24.     BlackBerry denies the allegations in Paragraph 24 of the Complaint.

25.     BlackBerry lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint, and therefore denies the same.

26.     BlackBerry denies the allegations in Paragraph 26 of the Complaint to the extent they are directed to BlackBerry.  To the extent that the allegations in Paragraph 26 of the Complaint are directed to a defendant other than BlackBerry, BlackBerry lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

27.     BlackBerry admits that it received a purported copy of the '212 Patent when it was served with the Complaint.  Except as so admitted, BlackBerry denies the allegations of Paragraph 27 of the Complaint.  To the extent Paragraph 27 of the Complaint pertains to a defendant other than BlackBerry, BlackBerry lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies the same.

28.     BlackBerry denies the allegations in Paragraph 28 of the Complaint to the extent they are directed to BlackBerry.  To the extent that the allegations in Paragraph 28 of the Complaint are directed to a defendant other than BlackBerry, BlackBerry lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

29.     BlackBerry admits that it received a copy of the Complaint containing Adaptix's infringement allegations.  Except as so admitted, BlackBerry denies the allegations of Paragraph 29 of the Complaint.  To the extent Paragraph 29 of the Complaint pertains to a defendant other than BlackBerry, BlackBerry lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies the same.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 6,947,748)

30.     BlackBerry repeats and realleges its responses to Paragraphs 1-29 of the Complaint as if those allegations have been fully set forth herein.

31.     BlackBerry admits that the Complaint purports to be an action for patent infringement.  BlackBerry denies each and every infringement allegation directed at BlackBerry and denies all other allegations of Paragraph 31 of the Complaint.

32.     BlackBerry admits that the document attached to the Complaint as Exhibit B purports to be United States Patent No. 6,947,748 ("the '748 Patent") and that on its face the document is titled "OFDMA WITH ADAPTIVE SUBCARRIER-CLUSTER

CONFIGURATION AND SELECTIVE LOADING." BlackBerry lacks knowledge or information sufficient to admit or deny all other allegations of Paragraph 32 of the Complaint, and therefore denies the same.

33. BlackBerry denies the allegations in Paragraph 33 of the Complaint.

34. BlackBerry denies the allegations in Paragraph 34 of the Complaint to the extent they are directed to BlackBerry. To the extent that the allegations in Paragraph 34 of the Complaint are directed to a defendant other than BlackBerry, BlackBerry lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

(Direct Infringement)

35. BlackBerry denies the allegations in Paragraph 35 of the Complaint.

36. BlackBerry lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint, and therefore denies the same.

37. BlackBerry denies the allegations in Paragraph 37 of the Complaint to the extent they are directed to BlackBerry. To the extent that the allegations in Paragraph 37 of the Complaint are directed to a defendant other than BlackBerry, BlackBerry lacks knowledge or information insufficient to admit or deny these allegations, and therefore denies the same.

(Indirect Infringement - Inducement)

38. BlackBerry denies the allegations in Paragraph 38 of the Complaint.

39. BlackBerry lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Complaint, and therefore denies the same.

40. BlackBerry admits that it received a purported copy of the '748 Patent when it was served with the Complaint. Except as so admitted, BlackBerry denies the allegations of Paragraph 40 of the Complaint. To the extent Paragraph 40 of the Complaint pertains to a

defendant other than BlackBerry, BlackBerry lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies the same.

41.     BlackBerry denies the allegations in Paragraph 41 of the Complaint to the extent they are directed to BlackBerry.  To the extent that the allegations in Paragraph 41 of the Complaint are directed to a defendant other than BlackBerry, BlackBerry lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

42.     BlackBerry denies the allegations in Paragraph 42 of the Complaint to the extent they are directed to BlackBerry.  To the extent that the allegations in Paragraph 42 of the Complaint are directed to a defendant other than BlackBerry, BlackBerry lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

43.     BlackBerry denies that as of the filing of the Complaint it was obligated to provide Adaptix with any evidence.  BlackBerry denies that Adaptix will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.  To the extent that the allegations in Paragraph 43 of the Complaint are directed to a defendant other than BlackBerry, BlackBerry lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

(Indirect Infringement - Contributory)

44.     BlackBerry denies the allegations in Paragraph 44 of the Complaint.

45.     BlackBerry lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Complaint, and therefore denies the same.

46.     BlackBerry denies the allegations in Paragraph 46 of the Complaint to the extent they are directed to BlackBerry.  To the extent that the allegations in Paragraph 46 of the

Complaint are directed to a defendant other than BlackBerry, BlackBerry lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

47.     BlackBerry admits that it received a purported copy of the '748 Patent when it was served with the Complaint.  Except as so admitted, BlackBerry denies the allegations of Paragraph 47 of the Complaint.  To the extent Paragraph 47 of the Complaint pertains to a defendant other than BlackBerry, BlackBerry lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies the same.

48.     BlackBerry denies the allegations in Paragraph 48 of the Complaint to the extent they are directed to BlackBerry.  To the extent that the allegations in Paragraph 48 of the Complaint are directed to a defendant other than BlackBerry, BlackBerry lacks knowledge or information sufficient to admit or deny these allegations, and therefore denies the same.

49.     BlackBerry admits that it received a copy of the Complaint containing Adaptix's infringement allegations.  Except as so admitted, BlackBerry denies the allegations of Paragraph 49 of the Complaint.  To the extent Paragraph 49 of the Complaint pertains to a defendant other than BlackBerry, BlackBerry lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies the same.

## PRAYER FOR RELIEF

BlackBerry denies that Adaptix is entitled to any of the relief sought in the Complaint against BlackBerry.  Adaptix's prayer therefore should be denied in its entirety and with prejudice.  As to the other defendant, BlackBerry is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding relief specified in the Complaint, and therefore denies the same.  To the extent not expressly addressed above, the factual allegations in the Complaint are denied.

## AFFIRMATIVE DEFENSES

BlackBerry reserves the right to amend its answer, including asserting additional defenses and counterclaims once discovery progresses.  Without conceding that any of the following must be pled as affirmative defenses or that BlackBerry bears the burden of proof on any of them, BlackBerry alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

**(Non-infringement of the '212 Patent)**

50.     BlackBerry does not and has not infringed, either literally or under the doctrine of equivalents, any valid claim of the '212 Patent directly, contributorily, by inducement, jointly, or in any other manner.

### SECOND AFFIRMATIVE DEFENSE

**(Invalidity of the '212 Patent)**

51.     The claims of the '212 Patent are invalid because they fail to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE

**(Non-infringement of the '748 Patent)**

52.     BlackBerry does not and has not infringed, either literally or under the doctrine of equivalents, any valid claim of the '748 Patent, directly, contributorily, by inducement, jointly, or in any other manner.

## FOURTH AFFIRMATIVE DEFENSE

### (Invalidity of the '748 Patent)

53.     The claims of the '748 Patent are invalid because they fail to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 101, 102, 103, and 112.

## FIFTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

54.     By reason of proceedings in the United States Patent and Trademark Office during prosecution of the '212 Patent and the '748 Patent, and specifically statements, arguments, amendments, assertions, and/or representations made by or on behalf of the applicants for the patents-in-suit, Adaptix is estopped to construe the claims of the patents-in-suit in any way to cover any product, method, or service of BlackBerry under the Doctrine of Equivalents.

## SIXTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

55.     Adaptix's claim for damages is barred or limited by the equitable doctrines of laches, estoppel, unclean hands, acquiescence and/or waiver.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mark)

56.     On information and belief, Adaptix has failed to mark or cause to be marked patented articles with the numbers of the '212 Patent and the '748 Patent.

## EIGHTH AFFIRMATIVE DEFENSE

### (Limitations on Recovery)

57.     Adaptix's claim for damages is limited by 35 U.S.C. §§ 286, 287.

58.     Adaptix is precluded from recovering costs under 35 U.S.C. § 288.

## NINTH AFFIRMATIVE DEFENSE

### (No Entitlement to Injunctive Relief)

59.     Adaptix's claim for injunctive relief is barred at least because Adaptix has no irreparable injury and has an adequate remedy at law.

## TENTH AFFIRMATIVE DEFENSE

### (Barring Claims Under Section 1498)

60.     Adaptix's claims are barred, at least in part, by 28 U.S.C. § 1498 to the extent it claims infringement of devices sold to and/or designed for the United States.

## ELEVENTH AFFIRMATIVE DEFENSE

### (License or Exhaustion)

61.     Adaptix's claims against BlackBerry are precluded in whole or in part to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to BlackBerry by (or by Blackberry to) any entity or entities having express or implied licenses to the patents-in-suit, and/or under the doctrine of patent exhaustion.

## COUNTERCLAIMS

In further response to the Complaint by Adaptix, BlackBerry asserts the following Counterclaims against Adaptix:

## INTRODUCTION

1.     BlackBerry revolutionized the mobile communications industry.  Its innovative products changed the way millions of people around the world connect, converse, and share information.

2.     BlackBerry was founded in 1984 in Waterloo, Ontario by two engineering students, Mike Lazaridis and Douglas Fregin. Within just a few years, the company—then

named Research In Motion—focused its energies on wireless data transmission.  In the early 1990s, BlackBerry's research and development team made the transformative leap forward from one-way paging technology to concentrate on two-way wireless communication.  In 1998, the company released its first BlackBerry® device, a pioneering mobile product that allowed users to send and receive email on-the-go, as well as giving them untethered access to news, weather, stock-market data and other real-time information. From its modest beginnings, BlackBerry has gone on to offer a portfolio of award-winning products, services, and embedded technologies to tens of millions of individual consumers and organizations around the world, including governments, educational institutions, and over 90% of Fortune 500 companies. By transforming the way people communicate, BlackBerry laid a foundation for today's multibillion-dollar modern smartphone industry.

3.      In the course of developing its ground-breaking mobile communications devices, BlackBerry invented a broad array of new technologies that cover everything from radio frequency communication techniques, to processors, to power management, and many other areas. To take just one example, power management posed a critical challenge for BlackBerry to overcome when bringing its mobile devices to market. Success required delivering a small, attractive device that could charge quickly, and then efficiently manage power consumption to provide lengthy battery life. These and other BlackBerry inventions altered the history of mobile communications. This is one of the great stories of the technology revolution.

4.      Adaptix, since acquired by Acacia Research Corporation ("Acacia") in 2012, on the other hand, is a non-practicing entity and focuses on patent assertion litigation.

5.      Acacia recently acknowledged that "the reality is that a lot of [its] revenue [ ] comes in the shadow of litigation."  *Tough Week for Patent Giant*, Orange County Register

(October 18, 2013).  Indeed, in this calendar year alone, Adaptix, one of Acacia's subsidiaries, filed over twenty patent cases in this district court alone.

6.     The Federal Trade Commission is currently investigating the business model of non-practicing entities such as Acacia because they "raise red flags for competition and consumers."  *See*  http://www.law360.com/articles/476294  (last accessed Nov. 15, 2013); http://www.ftc.gov/opa/2013/09/paestudy.shtm (last accessed Nov. 15, 2013).

7.     The types of cases brought by Adaptix and Acacia threaten to slow the development of new products and technologies, harming the industry and technology consumers.

## PARTIES

8.     Counterclaimant BlackBerry Corporation is a Delaware corporation with a principal place of business in Irving, Texas.

9.     Counterclaimant BlackBerry Limited is a Canada corporation with a principal place of business in Ontario, Canada.

10.     On information and belief, Counterclaim-Defendant Adaptix is a Texas limited liability company with its principal place of business in Plano, Texas.

## JURISDICTION AND VENUE

11.     These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et. seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.  The Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201-02.

12.     Adaptix has consented to personal jurisdiction in this district by virtue of its residence in the Eastern District of Texas and by filing the Complaint in this action in this Court.

13.     Venue is based on 28 U.S.C. §§ 1391(b) and (c) and 1400(b).  Adaptix has consented to venue in this Court by bringing this action against BlackBerry and thus venue for BlackBerry's Counterclaims may be proper in this district, although a different venue may be more convenient to hear this dispute.

## COUNT I

### Declaratory Judgment of Non-infringement of the '212 Patent

14.     BlackBerry incorporates by reference the allegations contained in Paragraphs 1 to 13 of its Counterclaims.

15.     An actual controversy exists with respect to the alleged infringement of the '212 Patent.

16.     Although Adaptix alleges in its Complaint that BlackBerry has directly, indirectly and/or jointly infringed the claims of the '212 Patent, BlackBerry has not directly, indirectly and/or jointly infringed, and does not directly, indirectly and/or jointly infringe, any valid claim of the '212 Patent.

17.     Absent a declaration of non-infringement, Adaptix will continue to wrongfully assert the '212 Patent against BlackBerry, and thereby cause BlackBerry injury and damages.

18.     A judicial determination of the respective rights of the parties with respect to the infringement of the claims of the '212 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

## COUNT II

### Declaratory Judgment of Invalidity of the '212 Patent

19.     BlackBerry incorporates by reference the allegations contained in Paragraphs 1 to 18 of its Counterclaims.

20.     An actual controversy exists with respect to the invalidity of the '212 Patent.

21.     Although Adaptix alleges in its Complaint that the '212 is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code, each and every claim of the '212 patent is invalid because they fail to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 102, 103, and 112.

22.     Absent a declaration of invalidity, Adaptix will continue to wrongfully assert the '212 Patent against BlackBerry, and thereby cause BlackBerry injury and damages.

23.     A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '212 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

## COUNT III

### Declaratory Judgment of Non-infringement of the '748 Patent

24.     BlackBerry incorporates by reference the allegations contained in Paragraphs 1 to 23 of its Counterclaims.

25.     An actual controversy exists with respect to the alleged infringement of the '748 Patent.

26.     Although Adaptix alleges in its Complaint that BlackBerry has directly, indirectly and/or jointly infringed the claims of the '748 Patent, BlackBerry has not directly, indirectly and/or jointly infringed, and does not directly, indirectly and/or jointly infringe, any valid claim of the '748 Patent.

27.     Absent a declaration of non-infringement, Adaptix will continue to wrongfully assert the '748 Patent against BlackBerry, and thereby cause BlackBerry injury and damages.

28.     A judicial determination of the respective rights of the parties with respect to the infringement of the claims of the '748 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

## COUNT IV

### Declaratory Judgment of Invalidity of the '748 Patent

29.     BlackBerry incorporates by reference the allegations contained in Paragraphs 1 to 28 of its Counterclaims.

30.     An actual controversy exists with respect to the invalidity of the '748 Patent.

31.     Although Adaptix alleges in its Complaint that the '748 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code, each and every claim of the '748 patent is invalid because they fail to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 102, 103, and 112.

32.     Absent a declaration of invalidity, Adaptix will continue to wrongfully assert the '748 Patent against BlackBerry, and thereby cause BlackBerry injury and damages.

33.     A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '748 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

## DEMAND FOR JURY TRIAL

BlackBerry hereby demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, BlackBerry prays for the following relief:

A.     That Adaptix's claims against BlackBerry be dismissed with prejudice and that Adaptix take nothing by way of its Complaint;

17

B.      That judgment be rendered in favor of BlackBerry;

C.      For a declaration that BlackBerry has not infringed any claim of the '212 Patent or the '748 Patent, either directly, indirectly or jointly;

D.      For a declaration that each and every claim of the '212 Patent and the '748 Patent is invalid;

E.      For an order finding this case exceptional pursuant to 35 U.S.C. § 285 and awarding BlackBerry its reasonable attorney's fees;

F.      That BlackBerry be awarded its costs of suit incurred in this action; and

G.      For such other and further relief as the Court deems just and proper.


Dated:  November 15, 2013                    Respectfully submitted,


                                             By: */s/ Kurt M. Pankratz*
                                                 Kurt M. Pankratz, Lead Attorney
                                                 Texas Bar No. 24013291
                                                 kurt.pankratz@bakerbotts.com
                                                 **BAKER BOTTS L.L.P.**
                                                 2001 Ross Avenue, Suite 600
                                                 Dallas, Texas 75201
                                                 Telephone:  (214) 953-6584
                                                 Facsimile:  (214) 661-4584

                                                 Jennifer C. Tempesta
                                                 New York Bar No. 4397089
                                                 jennifer.tempesta@bakerbotts.com
                                                 **BAKER BOTTS L.L.P.**
                                                 30 Rockefeller Plaza
                                                 New York, New York 10112
                                                 Telephone:  (212) 408-2571
                                                 Facsimile:  (212) 251-2571

                                                 *Attorneys for Defendants*
                                                 *BlackBerry Limited and*
                                                 *BlackBerry Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 15th day of November, 2013, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

<div align="center">

*/s/ Kurt M. Pankratz*
Kurt M. Pankratz

</div>