IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADAPTIX, INC.,<br>v.<br>AMAZON.COM, INC., ET AL. | § § § § § § | Civil Action No. 6:13-CV-432 |
| ADAPTIX, INC.,<br>v.<br>BLACKBERRY LIMITED, ET AL. | § § § § § § | Civil Action No. 6:13-CV-434 |
| ADAPTIX, INC.,<br>v.<br>BLACKBERRY LIMITED, ET AL. | § § § § § § | Civil Action No. 6:13-CV-435 |
| ADAPTIX, INC.,<br>v.<br>BLACKBERRY LIMITED, ET AL. | § § § § § § | Civil Action No. 6:13-CV-436 |
| ADAPTIX, INC.,<br>v.<br>DELL, INC., ET AL. | § § § § § § | Civil Action No. 6:13-CV-437 |
| ADAPTIX, INC.,<br>v.<br>HUAWEI TECHNOLOGIES CO., LTD, ET AL. | § § § § § § | Civil Action No. 6:13-CV-438 |
| ADAPTIX, INC.,<br>v.<br>HUAWEI TECHNOLOGIES CO., LTD, ET AL. | § § § § § § | Civil Action No. 6:13-CV-439 |

**06059804**

| | | |
|---|---|---|
| ADAPTIX, INC., <br> v. <br> HUAWEI TECHNOLOGIES CO., LTD, ET AL. | § § § § § § | Civil Action No. 6:13-CV-440 |
| ADAPTIX, INC., <br> v. <br> HUAWEI TECHNOLOGIES CO., LTD, ET AL. | § § § § § § | Civil Action No. 6:13-CV-441 |
| ADAPTIX, INC., <br> v. <br> SONY MOBILE COMMC'NS, INC., ET AL. | § § § § § § | Civil Action No. 6:13-CV-442 |
| ADAPTIX, INC., <br> v. <br> ZTE CORPORATION, ET AL. | § § § § § § | Civil Action No. 6:13-CV-443 |
| ADAPTIX, INC., <br> v. <br> ZTE CORPORATION, ET AL. | § § § § § § | Civil Action No. 6:13-CV-444 |
| ADAPTIX, INC., <br> v. <br> ZTE CORPORATION, ET AL. | § § § § § § | Civil Action No. 6:13-CV-445 |
| ADAPTIX, INC., <br> v. <br> ZTE CORPORATION, ET AL. | § § § § § § | Civil Action No. 6:13-CV-446 |

**PROPOSED JOINT DISCOVERY / CASE MANAGEMENT PLAN**

In accordance with the Court's January 10, 2014 Order to Meet, Report, and Appear at Scheduling Conference in connection with the above-referenced actions and Fed. R. Civ. P.

26(f), the foregoing Plaintiff and Defendants submit this Joint Report reflecting the parties' detailed case management plan.

1. **State where and when the conference required by Federal Rule of Civil Procedure 26(f) was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email address.**

The conference was held telephonically on February 12, 2014. The counsel who attended are:

| Party | In Attendance |
|---|---|
| Plaintiff Adaptix, Inc. | Craig Tadlock<br>Texas State Bar No. 00791766<br>TADLOCK LAW FIRM PLLC<br>2701 Dallas Parkway, Suite 360<br>Plano, Texas 75093<br>Tel: (903) 730-6789<br>Email: craig@tadlocklawfirm.com<br><br>Steven E. Lipman<br>Virginia Bar No. 14395<br>Admitted EDTX<br>HAYES, MESSINA, GILMAN & HAYES, LLC<br>200 State Street, 6th Floor<br>Boston, MA 02109<br>Tel: (617) 345-6000<br>Fax: (617) 443-1999<br>Email: slipman@ hayesmessina.com |
| Defendant Amazon.com, Inc. | Robert T. Cruzen (OR Bar No. 080167)<br>rob.cruzen@klarquist.com<br>Kristen Reichenbach<br>kristen.reichenbach@klarquist.com<br>KLARQUIST SPARKMAN, LLP<br>121 S.W. Salmon Street, Suite 1600<br>Portland, Oregon 97204<br>Telephone: (503) 595-5300<br>Facsimile: (503) 595-5301 |
| Defendants AT&T Inc. and AT&T Mobility LLC | David R. Clonts<br>dclonts@akingump.com<br>Michael Reeder<br>mreeder@akingump.com<br>Ashley Brown<br>ambrown@akingump.com |

| | |
|---|---|
| | Akin Gump Strauss Hauer & Feld LLP<br>1111 Louisiana Street, 44th Floor<br>Houston, TX 77002<br>Phone: (713) 220-5886<br>Facsimile: (713) 236-0822 |
| Defendants BlackBerry Limited and BlackBerry Corporation | Jennifer C. Tempesta<br>New York Bar No. 4397089<br>jennifer.tempesta@bakerbotts.com<br>Baker Botts LLP<br>30 Rockefeller Plaza<br>New York, New York 10112<br>Telephone: (212) 408-2571<br>Facsimile: (212) 251-2571 |
| Defendants Boost Mobile, LLC and Sprint Spectrum L.P. | Allen F. Gardner (SBN 24043679)<br>Potter Minton, a Professional Corporation<br>110 N College Avenue, Suite 500<br>Tyler, TX 75702<br>Tel: 903-597-8311<br>Fax: 903-593-0846<br>allengardner@potterminton.com<br><br>Mark McGrory<br>ROUSE HENDRICKS GERMAN MAY PC<br>1201 Walnut, 20th Floor<br>Kansas City, MO 64106<br>Tel: (816) 471-7700<br>Fax: (816) 471-2221<br>Email: MarkM@rhgm.com |
| Defendant Cricket Communications, Inc. | James Williams<br>Texas Bar No. 24075284<br>james.williams@bakerbotts.com<br>Baker Botts LLP<br>2001 Ross Ave.<br>Suite 600<br>Dallas, TX 75201-2980<br>214-953-6789<br>Fax: 214-661-4789<br>Email: james.williams@bakerbotts.com |
| Defendant Dell Inc. | Kathleen Barry<br>kbarry@winston.com<br>Anthony DeMarco Pesce<br>apesce@winston.com<br>Winston & Strawn<br>35 W Wacker Dr<br>Chicago, IL 60601<br>312-558-5600 |

| | |
|---|---|
| | Fax: 312-558-5700 <br><br> Shannon Dacus <br> The Dacus Firm <br> 821 ESE Loop 323, Suite 430 <br> Tyler, TX 75071 <br> 903-705-1117 |
| Defendants Huawei Technologies Co., Ltd., Huawei Device USA Inc. and Huawei Technologies USA, Inc. | Steve Malin <br> Texas State Bar No. 12859750 <br> Email:  smalin@sidley.com <br> Tung T. Nguyen <br> Texas State Bar No. 24007745 <br> Email:  tnguyen@sidley.com <br> Sidley Austin LLP <br> 717 N. Harwood Street, Suite 3400 <br> Dallas, TX 75201 <br> Phone:  214-981-3300 <br> Fax:  214-981-3400 |
| Defendant Sony Mobile Communications (USA), Inc. | Jim Mahon <br> jamesmahon@andrewkurth.com <br> Andrews Kurth LLP <br> 4819 Emperor Blvd. <br> Suite 400 <br> Durham, NC  27703 <br> 919-599-2639 |
| Defendant T-Mobile USA, Inc. | James Williams <br> Texas Bar No. 24075284 <br> james.williams@bakerbotts.com <br> Baker Botts LLP <br> 2001 Ross Ave. <br> Suite 600 <br> Dallas, TX 75201-2980 <br> 214-953-6789 <br> Fax: 214-661-4789 <br> Email: james.williams@bakerbotts.com |
| Defendant Cellco Partnership d/b/a Verizon Wireless | Mark D. Flanagan <br> Geoffrey M. Godfrey <br> Wilmer Cutler Pickering Hale & Dorr LLP <br> 950 Page Mill Road <br> Palo Alto, CA 94303 <br> Tel: (650) 858-6000 <br> Fax: (650) 858-6100 <br> mark.flanagan@wilmerhale.com <br> geoff.godfrey@wilmerhale.com |
| Defendant ZTE USA, Inc. | Everett Upshaw, Managing Attorney <br> Law Office of Everett Upshaw, PLLC |

|  | 811 S. Central Expressway, Suite 307 Richardson, TX 75080 P: (214) 680-6005 F: (214) 865-6086 everettupshaw@everettupshaw.com |
|---|---|

2. **List the name, address, bar number, phone and fax numbers, and email address of counsel and any unrepresented person who will appear at the Scheduling Conference on behalf of the parties. Appearing counsel must be an attorney of record, have full authority to bind clients and enter into stipulations regarding all matters that may be discussed.**

There are no unrepresented parties. Counsel who will appear at the Scheduling Conference on behalf of the parties are:

| Party | In Attendance |
|---|---|
| Plaintiff Adaptix, Inc. | Craig Tadlock Texas State Bar No. 00791766 TADLOCK LAW FIRM PLLC 2701 Dallas Parkway, Suite 360 Plano, Texas 75093 Tel: (903) 730-6789 Email: craig@tadlocklawfirm.com  Steven E. Lipman Virginia Bar No. 14395 Admitted EDTX HAYES, MESSINA, GILMAN & HAYES, LLC 200 State Street, 6th Floor Boston, MA 02109 Tel: (617) 345-6000 Fax: (617) 443-1999 Email: slipman@ hayesmessina.com |
| Defendant Amazon.com, Inc. | Robert T. Cruzen (OR Bar No. 080167) rob.cruzen@klarquist.com KLARQUIST SPARKMAN, LLP 121 S.W. Salmon Street, Suite 1600 Portland, Oregon 97204 Telephone: (503) 595-5300 Facsimile: (503) 595-5301 |
| Defendants AT&T Inc. and AT&T Mobility LLC | David R. Clonts dclonts@akingump.com Michael Reeder mreeder@akingump.com |

5

| | |
|---|---|
| | Ashley Brown<br>ambrown@akingump.com<br>Akin Gump Strauss Hauer & Feld LLP<br>1111 Louisiana Street, 44th Floor<br>Houston, TX 77002<br>Phone: (713) 220-5886<br>Facsimile: (713) 236-0822 |
| Defendants BlackBerry Limited and BlackBerry Corporation | Kurt M. Pankratz<br>Texas Bar No. 24013291<br>kurt.pankratz@bakerbotts.com<br>BAKER BOTTS L.L.P.<br>2001 Ross Avenue, Suite 600<br>Dallas, Texas 75201<br>Telephone: (214) 953-6584<br>Facsimile: (214) 661-4584 |
| Defendants Boost Mobile, LLC and Sprint Spectrum L.P. | Michael E. Jones (SBN 10929400)<br>Allen F. Gardner (SBN 24043679)<br>Potter Minton, a Professional Corporation<br>110 N College Avenue, Suite 500<br>Tyler, TX 75702<br>Tel: 903-597-8311<br>Fax: 903-593-0846<br>mikejones@potterminton.com<br>allengardner@potterminton.com<br><br>Mark McGrory<br>ROUSE HENDRICKS GERMAN MAY PC<br>1201 Walnut, 20th Floor<br>Kansas City, MO 64106<br>Tel: (816) 471-7700<br>Fax: (816) 471-2111<br>Email: Markm@rhgm.com |
| Defendant Cricket Communications, Inc. | Douglas M. Kubehl<br>Texas Bar No. 00796909<br>doug.kubehl@bakerbotts.com<br>BAKER BOTTS LLP<br>2001 Ross Ave, Suite 600<br>Dallas, TX 75201<br>Tel: (214) 953-6500<br>Fax: (214) 953-6503 |
| Defendant Dell Inc. | Deron Dacus<br>The Dacus Firm<br>821 ESE Loop 323, Suite 430<br>Tyler, TX 75071<br>(903) 705-1117 |
| Defendants Huawei Technologies Co., Ltd., | E. Glenn Thames, Jr. |

6

| | |
|---|---|
| Huawei Device USA Inc. and Huawei Technologies USA, Inc. | Texas State Bar No. 00785097<br>glennthames@potterminton.com<br>Potter Minton<br>A Professional Corporation<br>110 N. College Avenue, Suite 500<br>Tyler, TX 75702<br>Phone: 903-597-8311<br>Fax: 903-593-0846<br><br>Steve Malin<br>Texas State Bar No. 12859750<br>Email:  smalin@sidley.com<br>Tung T. Nguyen<br>Texas State Bar No. 24007745<br>Email:  tnguyen@sidley.com<br>Sidley Austin LLP<br>717 N. Harwood Street, Suite 3400<br>Dallas, TX 75201<br>Phone:  214-981-3300<br>Fax:  214-981-3400 |
| Defendant Sony Mobile Communications (USA), Inc. | John H. McDowell, Jr.<br>Texas State Bar No. 13570825<br>Email: johnmcdowell@andrewskurth.com<br><br>Benjamin J. Setnick<br>Texas State Bar No. 24058820<br>Email: bensetnick@andrewskurth.com<br><br>ANDREWS KURTH LLP<br>1717 Main Street, Suite 3700<br>Dallas, Texas 75201<br>Telephone:  214-659-4400<br>Facsimile:   214-915-1434 |
| Defendant T-Mobile USA, Inc. | Douglas M. Kubehl<br>Texas Bar No. 00796909<br>doug.kubehl@bakerbotts.com<br>BAKER BOTTS LLP<br>2001 Ross Ave, Suite 600<br>Dallas, TX 75201<br>Tel: (214) 953-6500<br>Fax: (214) 953-6503 |
| Defendant Cellco Partnership d/b/a Verizon Wireless | Michael E. Jones (SBN 10929400)<br>Potter Minton, a Professional Corporation<br>110 N College Avenue, Suite 500<br>Tyler, TX 75702<br>Tel: 903-597-8311 |

| | |
|---|---|
| | Fax: 903-593-0846<br>mikejonespotterminton.com<br><br>Mark D. Flanagan<br>Geoffrey M. Godfrey<br>Wilmer Cutler Pickering Hale & Dorr LLP<br>950 Page Mill Road<br>Palo Alto, CA 94303<br>Tel: (650) 858-6000<br>Fax: (650) 858-6100<br>mark.flanagan@wilmerhale.com<br>geoff.godfrey@wilmerhale.com |
| Defendant ZTE USA, Inc. | Everett Upshaw, Managing Attorney<br>Law Office of Everett Upshaw, PLLC<br>811 S. Central Expressway, Suite 307<br>Richardson, TX 75080<br>P: (214) 680-6005<br>F: (214) 865-6086<br>everettupshaw@everettupshaw.com |

**3. List the correct names of the parties to the actions.**

    (a)    Adaptix, Inc.

    (b)    Amazon.com, Inc.

    (c)    AT&T Inc.

    (d)    AT&T Mobility LLC

    (e)    BlackBerry Corporation

    (f)    BlackBerry Limited

    (g)    Boost Mobile, LLC

    (h)    Cellco Partnership d/b/a Verizon Wireless

    (i)    Cricket Communications, Inc.

    (j)    Dell Inc.

    (k)    Huawei Technologies Co., Ltd.

    (l)    Huawei Device USA Inc.

    (m)    Huawei Technologies USA, Inc.

    (n)      Sony Mobile Communications (USA), Inc.

    (o)      Sprint Spectrum L.P.

    (p)      T-Mobile USA, Inc.[1]

    (q)      ZTE (USA) Inc.

4. **List any related cases pending in any state or federal court. Include the case numbers, the courts, and how they are related, including the patents involved.**

This Joint Discovery and Case Management Plan covers 14 cases brought by Adaptix. These cases deal with two U.S. Patents – Nos. 7,454,212 and 6,947,748 (the "patents-in-suit"). Adaptix has filed suit on the same patents against Verizon Wireless, AT&T Mobility, T-Mobile USA, Inc. and other defendants in the following cases: E.D. Tex. Case Nos. 6:12-17, 20, 120, 6:13-433, 585, 778, 853, 854, 922 and N.D. Cal. Case Nos. 5:13-1774, 1776, 1777, 1778, 1844, 2023. N.D. Cal. Case Nos. 5:13-1774, 1776, 1777, 1778, 1844, 2023 were first filed in the Eastern District of Texas. The Court granted motions to transfer those cases to the Northern District of California.

Additionally, Adaptix has filed suit on other patents, including related patents, against Verizon Wireless, AT&T Mobility, T-Mobile USA, Inc. and other defendants in the following cases: E.D. Tex. Case Nos. 6:12-22, 122, 123, 369, 6:13-49, 50.

5. **Briefly summarize in three (3) pages or less: (a) What this case is about, and (b) Each claim or defense.**

---

[1] T-Mobile USA, Inc. acquired the assets of MetroPCS Wireless, Inc., and therefore the phrase "T-Mobile" should be also understood to include MetroPCS Wireless, Inc. for purposes of this document. T-Mobile USA, Inc. denies that MetroPCS Communications, Inc. is properly named as a defendant in this case. Contrary to the complaint, the named defendant T-Mobile USA, Inc. was not formerly known as MetroPCS Communications, Inc. MetroPCS Communications, Inc. changed its name to T-Mobile US, Inc. and T-Mobile US, Inc. is a parent company of the named defendant T-Mobile USA, Inc. In the event that it is later determined that MetroPCS Communications, Inc. has been properly named, the phrase "T-Mobile" should be understood to include T-Mobile US, Inc. for purposes of this document.

Adaptix asserts that the defendants infringe the patents-in-suit. Adaptix asserts that the accused technology in these cases is found in Defendants' LTE-compliant wireless devices *a/k/a* "handsets." These products provide wireless communication compliant with portions of the next-generation LTE ("Long-Term Evolution") specifications, as developed by the 3rd Generation Partnership Project ("3GPP"). A feature of the 3GPP LTE specifications is the use of Orthogonal Frequency-Division Multiple-Access ("OFDMA"). This scheme divides the frequency bandwidth into smaller units, called subcarriers, in a way (orthogonal) that allows the subcarriers to be closely spaced with reduced interference. An issue is how best to allocate subcarriers to subscribers. Adaptix asserts that the patents-in-suit offer a solution to this problem by describing systems and methods for allocating subcarriers to subscribers in an efficient manner.

Adaptix has pleaded joint, direct, and indirect infringement of the patents-in-suit by each of the Defendants in each of the cases based on the manufacture, use, sale, and importation of certain mobile devices operating on certain wireless networks. Adaptix seeks damages and a permanent injunction against each of the Defendants in those cases.

Defendants have each filed Answers and/or Counterclaims, asserting that none of the asserted patents is infringed and that each is invalid or unenforceable under one or more of 35 U.S.C. §§ 41, 101, 102, 103, 112, 116, 282, and the doctrine of obviousness-type double patenting. Defendants have also asserted other defenses, such as laches, estoppel, waiver, limitations on damages, license, exhaustion, and implied waiver. Defendants contend that Adaptix should take nothing and that Adaptix is not entitled to injunctive relief. Defendants have also requested that the Court find that this is an exceptional case and award Defendants their attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise.

**6. List anticipated additional parties that may be included, when they might be added, and by whom.**

The parties are not aware of any anticipated additional parties at this time.

**7. List anticipated intervenors.**

The parties are not aware of any anticipated intervenors at this time.

**8. Describe the proposed discovery/case management plan, including:**

(a)     In accordance with Rule 26(f):

(1)     Any changes that should be made in the timing, form, or requirement for disclosures under Rule 26(a), including when the initial disclosures were made or will be made. See also Proposed Dates For Scheduling, ¶ 15;

The changes to the schedule regarding disclosures that the parties propose (without disturbing the deadlines designated by the Court as not to be altered) are set forth in the attached Exhibit A - Proposed Scheduling and Discovery Order.

(2)     The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on limited issues. (For example, whether fact and expert discovery be conducted in phases.) See also Proposed Dates For Scheduling, ¶ 15;

The parties generally anticipate discovery on various issues relevant to the claims and defenses in the case, such as inventorship, conception, reduction to practice, prior art, accused product operation, assignment and ownership rights, licensing, third-party fact discovery, commercial embodiments and the sales or marketing thereof, sales and marketing of the accused products, expert discovery, and other related issues. The parties agree to the deadlines as indicated in the attached Exhibit A, which includes conducting fact and expert discovery in phases.

(3)     In view of the Court's recent order on e-discovery, any issues relating to disclosure and discovery of electronically stored information (ESI), including the form(s) in which it should be produced;

The parties contemplate meeting and conferring regarding the Court's standing Order Regarding E-Discovery in Patent Cases ("standard ESI Order") on any proposed modifications to the standard ESI Order within 30 days after the Federal Rule of Civil Procedure 16 conference.

(4) *The steps already taken or that will be taken for preserving discoverable information, including ESI;*

Subject to attorney/client and work product privilege protections, the parties generally state that they have preserved discoverable information specific to these cases and any related litigations regarding the asserted patents. In particular, each party has issued a litigation hold memorandum to potentially relevant custodians and has preserved data of potential relevance to the patents-in-suit and/or the accused products.

(5) *Any issues relating to claims of privilege or protection, including whether any agreement has been reached as to inadvertent production; and*

The parties expect to negotiate such an agreement in connection with the standard ESI Order and/or an agreed protective order.

(6) *Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and the Court's standard Scheduling and Discovery Order available on the Court's Website.*

Attached as Exhibit A is the Court's standard Discovery Order with the Parties' agreed and respective proposed changes.

(b) *Of whom and by when Plaintiff anticipates taking oral depositions.*

By the fact discovery deadline reflected in the attached Exhibit A, Plaintiff anticipates taking the depositions of the Defendants, their various current and former principles, officers, agents, or employees, on multiple issues; prior art and other technical witnesses; and third parties regarding technical and economic issues.

(c) *Of whom and by when Defendants anticipates taking oral depositions.*

By the fact discovery deadline reflected in the attached Exhibit A, Defendants anticipate taking the depositions of Adaptix, some or all of the inventors named on the face of the patents-in-suit; various current and former officers, agents, or employees of Adaptix, third party Acacia, and any of Adaptix's predecessor companies; third parties in the assignment chain/predecessors in interest of the patents-in-suit; prior art witnesses; and various attorneys responsible for prosecuting the claims of the patents-in-suit.

*(d) When Plaintiff (or the party with the burden of proof on an issue) anticipates taking expert depositions and the anticipated completion date.*

Parties with the burden of proof, to the extent they have such burden of proof on an issue, anticipate taking expert depositions after service of expert reports or declarations and by the deadline for expert discovery set forth in Exhibit A.

*(e) When the opposing party anticipates taking expert depositions and the anticipated completion date.*

Defendants anticipate taking expert depositions after service of Plaintiff's expert reports or declarations and by the deadline for expert discovery set forth in Exhibit A.

*(f) Whether the Court should authorize the filing under seal of any documents containing confidential information.*

The parties expect to negotiate and request that the Court enter an agreed protective order and authorize the filing under seal of various documents and pleadings containing confidential or highly confidential information.

*(g) If the parties disagree on any part of the discovery plan, describe the opposing views.*

The parties have a few disagreements on the discovery plan, which are described in Exhibit A hereto.

**9. Specify any discovery beyond the initial disclosures that has taken place to date.**

None.

**10. State the progress made toward settlement, and the present status of settlement negotiations by providing the information set out below.**

*(a)   Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.*

While no specific settlement or resolution of the case was discussed in the Rule 26(f) meeting, the parties are open to discussing settlement at the appropriate later state in this case.

*(b)   Describe what each party has done or agreed to do to bring about a prompt resolution of this case.*

While no party has done or agreed to do anything specific to bring about a prompt resolution of this case in the Rule 26(f) meeting, the parties are open to discussing settlement at the appropriate later state in this case.

*(c)   State whether a demand and an offer have been made.*

No party has made a demand or an offer of prompt resolution of this case. However, the parties are open to discussing settlement at the appropriate later state in this case.

*(d)   If the parties have agreed on a specific mediator, state the name and address of the mediator and at what stages of the litigation mediation is most appropriate.*

The parties have not agreed on a specific mediator.

**11. United States Magistrate Judges are vested with full authority to try both jury and nonjury trials. State whether the parties agree to trial before a United States Magistrate Judge.**

The parties do not agree to trial before a United States Magistrate Judge.

**12. State whether a jury demand has been made and if it was made on time.**

All parties have made timely jury demands.

**13. List all pending motions.**

In Civil Action No. 6:13-CV-432, Amazon.com, Inc., AT&T Mobility LLC, and AT&T Inc. filed on February 11, 2014 a motion to transfer pursuant to 28 U.S.C. § 1404(a) Amazon.com, Inc. and AT&T Mobility LLC to the Northern District of California and to sever

and stay or dismiss AT&T Inc. This motion will be ripe for decision pursuant to Local Rule CV 7(f) at the time of the March 5, 2014 Scheduling Conference. Amazon.com, Inc., AT&T Mobility LLC, and AT&T Inc. hereby request early disposition of this motion, since the Court has previously considered and granted transfer motions in related cases.

In Civil Action Nos. 6:13-434, 6:13-425 and 6:13-436, BlackBerry Limited, BlackBerry Corporation, AT&T Mobility, T-Mobile USA, Inc. and Cellco Partnership d/b/a Verizon Wireless filed on February 12, 2014 a motion to transfer pursuant to 28 U.S.C. § 1404(a) to the Northern District of California and to sever and stay or dismiss AT&T Inc. This motion will be ripe for decision pursuant to Local Rule CV 7(f) at the time of the March 5, 2014 Scheduling Conference. The defendants in the three referenced actions hereby request early disposition of this motion, since the Court has previously considered and granted similar motions in related cases.

Dell filed on February 12, 2014 a motion to transfer to the Central District of California. *Adaptix Inc. v. Dell Inc.*, No. 6:13-cv-00437-MHS-CMC. This motion will be ripe for decision pursuant to Local Rule CV 7(f) at the time of the March 5, 2014 Scheduling Conference. Dell hereby requests early disposition of this motion, since the Court has previously considered and granted similar motions in related cases.

In Civil Action No. 6:13-cv-442-MHS-CMC, Sony Mobile Communications (USA) Inc., AT&T Mobility LLC, and AT&T Inc. filed on February 11, 2014 a motion to transfer pursuant to 28 U.S.C. § 1404(a) Sony Mobile Communications (USA) Inc. and AT&T Mobility LLC to the Northern District of California and to sever and stay or dismiss AT&T Inc. This motion will be ripe for decision pursuant to Local Rule CV 7(f) at the time of the March 5, 2014 Scheduling Conference. Sony Mobile Communications (USA) Inc., AT&T Mobility LLC, and AT&T Inc.

hereby request early disposition of this motion, since the Court has previously considered and granted transfer motions in related cases.

Among other things, Adaptix believes that these transfer motions are most likely *not* to be ripe for decision at the time of the March 5, 2014 Scheduling Conference because briefing will not be complete by that time and any necessary discovery will likely *not* be completed by that time either. Further, transfer motions are *fact-dependent* and although some previous related cases before this Court were transferred, some were *not* transferred. So, to assume that some previous transfer motions were granted has little if any impact or relevance to any of the four transfer motions already filed in these cases.

**14. Indicate other matters peculiar to this case—including discovery—that deserve the special attention of the Court at the Scheduling Conference.**

Defendants Verizon Wireless, AT&T Mobility, T-Mobile USA, Inc., Sprint Spectrum LP and Boost Mobile LLC (*a/k/a* "carriers") respectfully request an order precluding Plaintiff from deposing any Verizon, AT&T Mobility, T-Mobile, Inc., Sprint Spectrum or Boost Mobile employee or customer who has been previously deposed in one of the related N.D. California or other E.D. Texas actions, absent permission from the court upon a showing of good cause. Adaptix has asserted patents with the same or similar subject matter in the various related cases. Therefore, Verizon, AT&T Mobility, T-Mobile, Sprint Spectrum and Boost Mobile agree to provide reasonable extensions to the seven-hour limit for individual depositions to the extent they are necessary (i.e., to allow for questioning regarding subject matter relevant to multiple cases) and are negotiated in advance by Adaptix. Verizon, AT&T Mobility, T-Mobile, Sprint Spectrum and Boost Mobile would like to coordinate scheduling of any such depositions in the related cases so that co-defendants in the present cases have the opportunity to attend those

depositions. These defendants contend that a similar order has been entered in all related cases in the Northern District of California. *See, e.g.*, 5:13-cv-1774, Dkt. 69 at 4.

Adaptix strongly opposes this request for various reasons, including that the rationale of the Northern District of California ("NDCA") included the fact that those cases were just transferred from this District and were already pending here for more than one year, and that the number of these cases (14 now, very soon to be 20 when the defendants in 6:13-cv-00433, -0585, -0778, -0853, -0854, and -0922 respond to Adaptix's served complaints) and the number of these "handset manufacturer" defendants (7 now, very soon to be 10 when the other 6 are soon added) would significantly prejudice and complicate Adaptix's ability to develop, complete, and control proper discovery in support of their infringement contentions and the damages / remedies to which they are entitled, that will inure from the control given to the "carriers" who are, themselves, infringers and subject to substantial damages from their own infringing use, sale, and indirect infringement of the handsets from these 10 new and different defendants.[i] Moreover, this request would not only limit or *preclude* Adaptix's right to take legitimate and proper depositions from *employees* of a single group of party defendants ("carriers"), but also from *third party customers* of that single group of party defendants which would likely possess meaningful discovery information that was not addressed by Adaptix in any previous cases.

15. **Certify that all parties have filed Disclosure of Interested Persons as directed in paragraph 3 in the Order to Meet, Report, and Appear at Scheduling Conference, listing the date of the original and any amendments.**

The parties have done so, and those filings were completed on or before January 27, 2014.

16. **Proposed Dates for Scheduling. Please review the proposed deadlines for many of the pretrial events (listed below) that will be scheduled for this case. Both the events and the proposed dates are intended to give the parties guidance in (1) formulating answers to the other parts of this questionnaire and (2) scheduling the events**

**preceding the trial. The Scheduling and Discovery Order that will be entered at the Scheduling Conference will necessarily be more specific, more detailed, and contain additional matters and discovery limitations. The Court's suggested dates and events may be appropriate for this case. If not, please propose suggested modifications that the parties believe are suited for this lawsuit.**

Attached as Exhibit A is the parties' proposed Scheduling and Discovery Order.

---

[i] Defendants T-Mobile, Sprint, and Boost were not and are not defendants in any of the transferred NDCA cases